Opinion of the court.
Kirkpatrick C. J.
The judgment in this case was against Montfort, as administrator of one Ilogland, for a debt due from the intestate, and was entered generally? binding his own proper goods, and not specially to be levied of goods of the intestate. Several years afterwards, there was a scire facias, to revive this judgment, and upon the return day, the defendant having alleged satisfaction, and having filed an account of particulars, by way of set off, against the same, a rule of reference was entered by mutual consent, referring all matters in difference in that action, and also all accounts and demands between the parties, to certain referees; these referees reported that there was due to the plaintiff 43 dollars and 23 cents; and upon that report, the justice entered judgment, again generally, against the defendant.
Upon the review of this proceeding, it is manifest that the first judgment was erroneous, for the administrator was not liable in his own estate; and it is quite as manifest that the second is no better; nay, that it is much worse, for instead of a general judgment, against the defendant, the only legitimate judgment that could have *790 been entered, was, that execution should go for the balance found, and that against the goods of the intestate,
That there was a rule of reference, does not alter the case. The rule submits all matters in controversy in that action, and also all accounts and demands between the parties. What parties?- Why the parties to the suit, certainly, that is Vanarsdalen, the plaintiff, and Montfort, administrator of the defendant. The rule could mean nothing else, upop the fair construction of the words. It would have been perfect confusion, to mingle up the proper accounts of the defendant himself, with those of the intestate, a confusion which the law abhors.
Let the judgment, therefore, be reversed.